UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------- X
UNITED STATES OF AMERICA,

-v-

CORDELL FITTS,

    Defendant.
---------------------------------------------------- X

19 Cr. 341 (RA)

MEMORANDUM OPINION AND ORDER

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/29/19

RONNIE ABRAMS, District Judge:

    Defendant Cordell Fitts is charged with one count of deprivation of rights under color of law pursuant to 18 U.S.C. § 242 and one count of filing a false report pursuant to 18 U.S.C. §§ 1519 and 2. Before the Court is his motion to dismiss the second count of the indictment pursuant to Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure. For the reasons that follow, the motion is denied.

## BACKGROUND[1]

    The Court recounts only those facts relevant to its assessment of Fitts' motion to dismiss. On March 6, 2017, a homeless individual ("Victim-1") came to Bellevue Men's Shelter ("Bellevue") in Manhattan, New York seeking services. After Victim-1 became agitated and verbally threatening, Fitts, an officer working for the New York City Department of Homeless Services ("DHS") and the supervising sergeant at Bellevue, responded to the incident. As captured on surveillance footage of the Bellevue lobby, a physical confrontation ensued between Fitts and Victim-1. Once Fitts and other officers subdued Victim-1 on the ground, the Government alleges that the surveillance footage reveals Fitts repeatedly punching and kicking

---

[1] On a motion to dismiss an indictment, the court must examine the indictment as a whole, accept as true the facts alleged, and determine only whether the indictment is valid on its face. *See Costello v. United States*, 350 U.S. 359, 363 (1956)

Victim-1. After kicking and stomping on Victim-1's head, Fitts briefly backed away from Victim-1 and the officers subduing him, and then returned to punch Victim-1 in the head area multiple additional times.

In connection with this incident, a Police Service Report, dated March 6, 2017, was drafted and maintained by the DHS police (the "Report"). The Report lists the "reporting officer" as Officer-1 and the "reviewing supervisor" as Defendant Cordell Fitts. The Report states that "necessary force" was used to "safely detain" Victim-1, and that a small pocket knife fell from this individual's jacket during the incident as he "continued to resist arrest and make efforts to assault DHSPD officers in the form of biting." The Report further states that prior to the incident, Victim-1 said, "I wanna hurt someone! I want to kill someone!" Finally, the Report states: "After initial medical assessment [Victim-1] stated 'I am off my psych medication and going through a lot.'"

The Report purports to have been drafted by a non-party DHS officer, but, according to the Government, it was Fitts who drafted the language used in the Report and instructed this non-party officer to sign it, which the officer did. Although the Report bears this non-party officer's signature, he has stated he did not have personal knowledge of several of the claims in the Report. For example, the officer now claims he did not hear Victim-1 say he was going off his psych medication, nor did he see a knife fall to the ground during the altercation (although he was aware that Victim-1 had a pocket knife because he had conducted a security screening of the individual when he entered Bellevue). The Indictment alleges further inconsistencies between the Report and the incident not relevant to the disposition of this motion.

## LEGAL STANDARD

Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and must include the "statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). To fulfill this requirement, the Court of Appeals has "often stated that an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992) (internal quotation marks omitted). "An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008) (internal quotation marks omitted). "The sufficiency of an indictment and the interpretation of a federal statute are both matters of law" to be decided by the Court. *United States v. Aleynikov*, 676 F.3d 71, 76 (2d Cir. 2012). In making such determinations, "courts must take all allegations in the indictment as true." *Id.*

## DISCUSSION

Fitts argues that Count 2 of the Indictment fails to state an offense pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v). Count 2 charges Fitts with violating 18 U.S.C. § 1519, which prohibits "mak[ing] a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States . . . , or in relation to or contemplation of any such matter." The Indictment asserts that Fitts "caused the falsification of an incident report concerning his altercation with Victim-1 with the intent to impede the resulting

investigation, which investigation falls within the jurisdiction of the United States Attorney's Office for the Southern District of New York."

Fitts argues that Count 2 fails as a matter of law for two reasons. First, he argues that his alleged actions could not have obstructed a matter within the jurisdiction of a federal agency, as he was a "a city employee participating in a city-led internal inquiry." Memo. at 4. In support of this contention, he cites the Second Circuit's decision in *United States v. Gray*, 642 F.3d 371, 374 (2d Cir. 2011), which addressed whether a private prison's internal investigation into defendant officers' conduct "involved a 'matter within the jurisdiction' of the DOJ" for purposes of 18 U.S.C. § 1519. In rejecting the defendant officers' arguments that § 1519 did not apply to their conduct as employees of a private entity, the Court noted that it "express[ed] no view on whether § 1519 would apply to private investigations outside the unique circumstances of this case, which include that [the prison]'s operations consist of housing federal prisoners, a function traditionally performed by the federal government, and that [the prison] is contractually obligated to report allegations of excessive force to a federal agency." *Id.* at 378. In contrast to the private prison at issue in *Gray*, Fitts argues, Bellevue Men's Shelter neither performs a function traditionally performed by the federal government, nor is it contractually obligated to report excessive-force allegations to any federal agency.

Second, Fitts argues that he "would have had no reason to contemplate that his filing a false report would have any impact on some federal investigation in the distant future." Memo. at 5. Although Fitts concedes that knowledge of a pending federal investigation is not an element of § 1519, he contends that the Second Circuit and other courts routinely consider whether a defendant charged under this statute would have at least reasonably foreseen the commencement of a federal investigation at the time he filed a false report. In support of this argument, Fitts

4

notes that no federal agency began investigating his conduct until a year and a half after the conduct allegedly occurred.

Neither of these arguments is persuasive. First, nowhere in *Gray*—nor in any other Second Circuit decision—does the Court of Appeals impose a general requirement that, in order for § 1519 to apply to a defendant employed by a non-federal entity, that entity must have been contractually obliged to report to a federal agency or engaged in a function traditionally performed by the federal government. Rather, *Gray* appears to have highlighted these factors because the defendant in that case was a private entity. Indeed, subsequent to *Gray*, the Court of Appeals has upheld convictions of local police officers under § 1519 for making false reports outside of any federal investigation, without any finding that these officers were performing federal duties or were employed by offices obliged to report to a federal agency. *See United States v. Cossette*, 593 F. App'x 28 (2d Cir. 2014); *United States v. Spaulding*, 631 F. App'x 5 (2d Cir. 2015); *see also United States v. Krug*, 198 F. Supp. 3d 235, 246 (W.D.N.Y. 2016). More fundamentally, violations of an individual's constitutional rights by public employees acting under color of law are matters within the jurisdiction of a department or agency of the United States, namely the Department of Justice. *See Gray*, 642 F.3d at 378 ("As the district court instructed the jury without objection, the DOJ 'has jurisdiction and authority to investigate allegations that correctional officers at privately as well as publicly run correctional institutions have violated a person's constitutional rights by using excessive force.'").

Second, the Court of Appeals has made clear that "knowledge of a pending federal investigation or proceeding is not an element of the obstruction crime" under § 1519. *Gray*, 642 F.3d at 378. As knowledge of a federal investigation is absent from the text of § 1519, "[a] defendant can hardly complain that due process requires him to have notice of something that is

not an element of the charged crime." *United States v. Cossette*, 593 F. App'x 28, 31 (2d Cir. 2014). As to Fitts' related suggestion that the delay in commencement of the DOJ's investigation is relevant to whether § 1519 is applicable to him, the Supreme Court has held that § 1519 "covers conduct intended to impede any federal investigation or proceeding, including one not even on the verge of commencement." *Yates v. United States*, 135 S. Ct. 1074, 1087 (2015). Similarly, the Court of Appeals has explicitly stated that "[section] 1519 does not require the existence or likelihood of a federal investigation." *Gray*, 642 F.3d at 379. Fitts thus cannot claim exemption from § 1519's coverage.

## CONCLUSION

For the foregoing reasons, Fitts' motion to dismiss the indictment is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 20.

SO ORDERED.

Dated:    July 29, 2019
             New York, New York

Ronnie Abrams
United States District Judge